UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Moresi, et al | Civil Action No. 6:15-cv-2224 |
| versus | Judge Rebecca F. Doherty |
| Resource Energy Ventures and Construction Company LLC | Magistrate Judge Carol B. Whitehurst |

**ORDER ON CONDITIONAL CERTIFICATION**

Before the Court is a Motion for Conditional Class Certification pursuant to 29 U.S.C. § 216(b), filed by Plaintiffs Dylan John Moresi, Wilfred Henry, Jr., Colby Babino, Nathaniel Thomas and Desmond J. Connor, Sr. on behalf of themselves and all others similarly situated, [Rec. Doc. 38]; a Memorandum in Opposition, filed by Defendant Gulf Coast Services, Inc. ("GSSI") [Rec. Doc. 44] and Plaintiffs' Reply [Rec. Doc. 52]. For the following reasons, Plaintiffs' Motion for Conditional Class Certification will be granted in part and denied in part.

**I. Background**

According to the declaration of GSSI "operations" employee, Troy Dupuy, GSSI agreed with BAE Systems Inc. to build portions of one or more vessels at a BAE facility in Mobile Alabama, pursuant to BAE's plans and specifications. *R. 44-2, Dec. Of Dupuy, ¶ 1.* While GSSI had employees who were welders and fitters, the Project required more welders and fitters than GSSI had on its payroll. *R. 44.* In such instances, GSSI used service providers to supply the additional labor force required. Defendant, Resource Energy Ventures and Construction Company LLC ("REVCO"), supplied additional workers to GSSI.

As Dupuy states, "REVCO provided labor services, including the services of [Plaintiffs], to GSSI in connection with the construction of one or more vessels for BAE Systems in Mobile

Alabama (the "Project") between February of 2015 and December of 2015. GSSI provided on site supervision of all laborers supplied by REVCO to ensure that the hull and other vessel structures were built in accordance with the plans and to track the hours of labor that the outside contractors spent on the Project. BAE controlled the work schedule of the Project. Based on that schedule, GSSI would request the number of welder/fitters it needed from REVCO each day. REVCO then selected which workers would be sent to the Project that day." *R. 44-2, Dec. Of Dupuy, ¶¶ 7, 8.*

GSSI entered into a Master Services Agreement ("MSA") with REVCO on February 20, 2015. *R. 44-2*. The MSA provided that REVCO, as an independent contractor, was to provide insured, skilled welders, and fitters with skill, ability, tools and equipment to do a part of the work, including to construct the hull and shell structures of the vessels to be built on the Project ("the workers"). *Id., MSA § 2.* While the MSA required that REVCO was to pay the workers all amounts owed for work performed, services rendered, or materials furnished, *Id., MSA § 6,* GSSI represents that it paid those wages to REVCO and REVCO was to pay the workers with the monies received from GSSI. *R. 44, p. 4.* The record indicates that the workers signed written agreements with REVCO which provided that they were "independent contractors." *R. 44-5, 44-6, 44.7, 44-8*. Also, these workers signed written agreements with REVCO which provided that any payment for their services was to be paid directly from GSSI to REVCO and not to the employees themselves, and that they were hired as "independent contractors." *R. 44-5, 44-6, 44.7, 44-8*. GSSI contends, without support, that it had no knowledge of these agreements until after this action was filed. *R. 44, p. 3.*

On August 21, 2015, Plaintiff, Dylan John Moresi ("Moresi"), filed this action against REVCO on behalf of himself and all others similarly situated (collectively known as "Plaintiffs").

Moresi alleged that Plaintiffs were current and former employees, who were misclassified as independent contractors by REVCO, as they should have been classified as non-exempt employees entitled to overtime pay under the FLSA. *R. 1*. Moresi further alleged he was hired and employed with REVCO beginning on July 19, 2015 as a "welder" and remained in that position until July 31, 2015. *Id.* His job involved working as a welder and welder's helper for an average of sixty (60) hours per week. Moresi alleged he was paid $24.00 per hour by REVCO, without overtime. *Id.* He alleged other similar workers were paid an hourly rate and no overtime. *Id.*

On January 14, 2016, Moresi amended the Complaint to add GSSI, alleging that "REVCO was merely a front or sham company" and GSSI was Moresi's "true employer," or alternatively that GSSI was a "joint employer within the meaning of the FLSA." *R. 14, ¶ 12*. The Amended Complaint alleged claims identical to those originally alleged against REVCO. In support of his allegation that REVCO and GSSI were joint employers, Moresi alleged that he and potential plaintiffs: (1) did not supply their own equipment; (2) were supervised and controlled by their employer; (3) worked exclusively for REVCO and GSSI; (4) looked exclusively to REVCO and GSSI for their income and current and future employment; (5) were not required to and did not provide any materials, equipment or property in connection with the rendering of their services; (6) were supervised and controlled and "highly scrutinized" by REVCO and GSSI and its customers as to the work they performed as well as the "means, methods, techniques and standards" used; (7) relied on REVCO and GSSI and their customers to provide them with work, equipment, supplies, direction and supervision to do their work on a full-time basis in exchange for hourly compensation; (8) were not required to provide Employer Identification Numbers; (9) did not enter into independent contractor agreements with REVCO and GSSI; (10) work was

integral to the business operations of REVCO and GSSI; and, (11) were relied on by REVCO and GSSI as its sole source of labor in order to engage its business operations and render services to its customers. On April 12, 2016, Wilfred Henry, Jr. ("Henry") filed a Notice of Consent to join Moresi in this lawsuit. *R. 22*. Thereafter Colby Babino ("Babino"), Nathaniel Thomas ("Thomas") and Desmond J. Connor, Sr. ("Connor") also filed Notices of Consent. *R. 23, 26, 31*. The Court will refer to Moresi and opt-in plaintiffs collectively as "Plaintiffs".

Plaintiffs contend they are former nonexempt employees who worked full-time as welders, fitters and welder helpers for REVCO and GSSI, were paid $24.00 per hour, and were entitled to be paid time and a half for over forty hours per week (i.e. $36.00 per hour) but were not paid such overtime. They contend that GSSI maintains its work force through two (2) methods—(1) regular payroll employees, including welders, and (2) using contracting companies like REVCO to supplement its employment staff. They further contend that Defendants, REVCO and GSSI, as well as unknown "third parties," were "joint employers" under the FLSA. In support of this assertion, Moresi alleges Defendants maintained common scheduling and compensation policies applicable to the Plaintiffs, including that they: (1) all worked in the same business unit; (2) all performed work in the field related to oilfield and marine service industry; (3) all were paid according to the same or similar flat hourly rates of pay; (4) all routinely worked more than forty hours per week; (5) all were uniformly classified as exempt; and (6) all were denied overtime pay. *R. 38-1 at 8*.

Plaintiffs seek to certify a collective action on behalf of those similarly situated employees who were not paid overtime for hours worked in excess of forty (40) hours in a work week. Plaintiffs request that the Court collectively certify the action to include:

4

> All **"welders, fitters and helpers"** rendering services to or for the benefit of REVCO and/or Gulf South [GSSI] whether directly employed by REVCO and/or GSSI or referred through a third party in the past 3 years and who were classified by GSSI or the third party as independent contractors or who, regardless of how classified, were not paid overtime compensation by GSSI or the third party for any hours worked in excess of forty (40) hours in the workweek.

In addition, Plaintiffs request that the Court exercise its discretion to facilitate notice to potential class members by approving the proposed notice provision.

## II. Contentions of the Parties

Plaintiffs argue they have satisfied their burden of establishing that they and the potential class members are "similarly situated" for purposes of conditional certification under the FLSA. At this stage, Plaintiffs contend they need only make a preliminary showing that potential opt-in plaintiffs and the named plaintiffs were subject to a single decision, policy, or plan and shared similar job requirements and pay provisions. Plaintiffs request that the Court approve their proposed notice plan as to both REVCO and GSSI, as well as any "third party," based on the declarations submitted by Moresi and Babino stating, they have personal knowledge that all welders, fitters and welder helpers of REVCO and GSSI performed similar work, were paid at a similar rate, were never paid overtime and were considered exempt from overtime requirements, *R. 38-3, ¶¶ 7, 8; R. 38-4, ¶¶ 7, 8*; their compensation was determined solely by the number of hours worked based on an hourly rate without the benefit of overtime compensation for hours worked in excess of forty (40) hours in the work week, *Id at ¶ 18*; REVCO and GSSI did not allow them to act independently, requiring strict adherence to their companies' policies and procedures, *Id at ¶ 16;* their work was "directed entirely by GSSI"—GSSI set the time for their work schedule, directed the work and specifically instructed on how the work to be done was to

be performed including methods, techniques and standards," *Id at ¶ 17*; and, REVCO and GSSI did not require them to provide employer identification numbers, provide insurance in connection with their work or enter into independent contract agreements with REVCO or GSSI, *Id at ¶ 19*.

REVCO has filed no opposition to Plaintiffs' motion for conditional certification or the notice plan. GSSI, however, opposes the motion arguing that Plaintiffs' claims against it are based upon the unsupported claim that GSSI classifies employees of its subcontractor, in this case REVCO, as independent contractors and pays its own employees the same rate as REVCO—which it denies. GSSI states that it paid its own employees ("GSSI employees") $24.00 per hour plus time and one-half for every hour they worked over 40 per week. *R. 44-3, GSSI Welder/Fitters Payments, 7/20/15-10/4/15*. GSSI further states that it paid to REVCO $40.00 per hour for each hour worked by REVCO's workers. *R. 44-2, Dec. Of Dupuy*. The payment represented a composite rate to cover $24.00 per hour plus time and one-half (36.00 per hour) after forty hours—an amount more than adequate to cover wages and overtime. *Id.* GSSI contends that instead of paying REVCO's workers the overtime amount it received from GSSI, REVCO kept the money. *R. 44*. Further, GSSI argues that Plaintiffs named GSSI in its Amended Complaint "to overcome the insolvency of REVCO."[1] *R. 44, p. 5*. Alternatively, GSSI argues this action should not be collectively certified because Plaintiffs have failed in meeting their burden of proof to show they are similarly situated based on the independent contractor agreements they entered into with REVCO. GSSI states that if a conditional certification is allowed, "it should be limited to the REVCO employees."

---

[1] GSSI represents that REVCO reports de-facto insolvency but is still in good standing with the Louisiana Secretary of State. *R. 44, p. 6, R. 44-1*.

### III. Law and Analysis

*A. Legal Standard*

The FLSA provides workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). The Fifth Circuit has noted the two different tests that courts apply to determine if the putative class members are "similarly situated." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir.1995), *rev'd in part on other grounds*. Like most district courts, this Court has generally adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987), which consists of (i) a notice stage, followed by (ii) a decertification stage. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n. 2 (5th Cir.2008) (declaring that "collective actions typically proceed in two stages"). At the notice stage of the *Lusardi* approach, the district court first makes a preliminary determination of whether putative plaintiffs are similarly situated to the named plaintiffs. *Mooney*, 54 F.3d at 1213–14. If they are, then the court conditionally certifies the action and authorizes notice to potential plaintiffs to opt in, and the suit "proceeds as a representative action throughout discovery." *Id*. at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id*. At this stage, the Court makes a factual determination from discovery evidence of whether the plaintiffs are actually "similarly situated." *Id*. If the court determines from discovery evidence that the plaintiffs are in fact similarly situated, then the case continues as a representative action. *Id*. If the court finds that the plaintiffs are not similarly situated, then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id*. at 1213–14.

As this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members. At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring, LLC,*, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016). "Although the standard for satisfying the first step is lenient ... the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Smith v. Offshore Specialty Fabricators Inc.*, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009). To determine whether plaintiffs have submitted substantial allegations of a single plan, courts consider "whether potential plaintiffs were identified ... whether affidavits of potential plaintiffs were submitted ... and whether evidence of a widespread discriminatory plan was submitted." *Smith v. Offshore Specialty Fabricators Inc.*, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009).

B. Discussion

Plaintiffs request that the Court collectively certify this action to include those plaintiffs "directly employed by REVCO and/or GSSI or referred through a third party ... who were classified by GSSI or the third party as independent contractors or ... were not paid overtime compensation by GSSI or the third party."

Thus, Plaintiffs move the Court to include the contractor, GSSI, and an unidentified "third party" subcontractor as joint employers.

1. *Employer Status Under the FLSA*

Initially, the Court finds that Plaintiffs have failed to provide any evidence as to the existence of a "third party" employer. While some of the Plaintiffs made remarks in their depositions about employees of "Maxum" or "Maximum," there is no evidence of any such entity being at the BAE Project. Nor is there any evidence that any such employees were similarly situated with respect to job requirements and with regard to their pay provisions. The Court will modify the parameters of this class action by excluding Plaintiffs' reference to "third party" employers. *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931-32 (5th Cir. 2005) (A district court has the power to modify the parameters of an FLSA class action on its own); *West v. Lowes Home Centers, Inc.*, 2010 WL 5582941, at *7 (W.D. La. Dec. 16, 2010).

The Court turns to GSSI's contention that it should be dismissed from this action as an employer. Under the FLSA, nonexempt employees must earn a minimum wage of $7.25 per hour, and no employer shall employ any nonexempt employee in excess of 40 hours per week without compensation at one and one-half times the regular rate. 29 U.S.C. §§ 206(a), 207(a). The FLSA defines an "employer," in part, as "any person acting directly or indirectly in the interest of the employer." 29 U.S.C. § 203(d). Whether an entity is an employee or employer for the purpose of the FLSA turns on the "economic reality" of the relationship between the alleged employer and employee. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work

schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[2] *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

Courts are split as to whether the economic realities test should be used when determining whether to conditionally certify an FLSA action. *Compare Gonzalez v. Tier One Sec., Inc.*, 2013 WL 1455587, at *2 (W.D. Tex. Apr.8, 2013), and *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 471 (S.D. Tex. 2012) ("the economic factors test is likely not appropriate for determination at the first stage of FLSA class certification."), with *Christianson v. NewPark Drilling Fluids, LLC,* 2015 WL 1268259, at *4 (S.D.Tex. Mar.19, 2015) and *Andel v. Patterson–UTI Drilling Co., LLC*, 280 F.R.D. 287, 290 (S.D.Tex. 2012). Courts that disfavor the use of the economic realities test at the conditional certification stage typically say that the test goes to the merits of the case, not collective action certification. *See, e.g., Jones v. JGC Dallas LLC*, 2012 WL 6928101, at *4 (N.D.Tex. Nov. 29, 2012) (economic realities test argument "is a merits-based argument, and courts are not to engage in merits-based analysis at the notice stage of a collective action."). The Court agrees and finds that the economic factors test is not appropriate at the first stage of FLSA class certification.

---

[2] Further, the Code of Federal Regulations offers examples of joint employment. 29 C.F.R. § 791.2(b). The regulation states, "a joint employment relationship generally will be considered to exist in situations such as: (1) Where there is an arrangement between the employers to share the employee's services ... or (2) Where one employer is acting directly or indirectly in the interest of the other employer [ ] in relation to the employee or (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with another employer." 29 C.F.R. § 791.2(b).

Nonetheless, the Court will consider Plaintiffs' declarations and depositions which were filed into the record.[3] Plaintiffs submit the declarations of Moresi and Babino in support of their position that GSSI is a "joint employer" under the FLSA. *R. 38-3, 38-4.* GSSI contends that the declarations contain "false information" related to wages and overtime paid, as well as Plaintiffs' agreements to be designated as independent contracts. GSSI cites excerpts from the depositions of Moresi, Babino, Henry and Connor filed in support of this contention. *R. 44-9, 44-10, 44-11, 44-13.* In their reply, Plaintiffs' attach the complete depositions of each of these plaintiffs, arguing "[a] full reading of these transcripts will no doubt show the Court there were no 'material misstatements' in the declarations previously provided." *R. 49.*

The Court agrees that the following testimony found in Plaintiffs' depositions suggests that GSSI had an employer relationship with Plaintiffs: they were provided an ID card with their picture and GSSI's name on it;[4] they were trained at GSSI's facility; GSSI supplied their OSHA orientation; GSSI supplied their tools for welding; their only supervisors at the Project were GSSI employees; GSSI kept records of the hours they worked; GSSI monitored their time sheets; GSSI's name was on the check; GSSI handled employment termination (i.e. resignation, firing,

---

[3] This Court typically does not consider deposition testimony in the notice stage. *See e.g. Richard v. Flower Foods, Inc.*, 2016 WL 6989349, at *6 (W.D.La., 2016). Here, however, Plaintiffs submit the deposition testimony in support of the evidence that GSSI should be considered a joint employer for purposes of notice rather than a merits-based analysis. The fact that some discovery has been conducted does not increase Plaintiffs' burden at this stage to the more onerous standard that applies at the second, decertification stage. That standard is only appropriate "after discovery is largely complete and the matter is ready for trial." *Mooney*, 54 F.3d at 1214.

[4] In his deposition, Connor produced his picture ID card which stated "Gulf Coast Services, Inc." *R. 53-3.*

laying off); they did not know or understand what an independent contractor was; and, they thought taxes would be withheld from their pay checks. *Id.*

Plaintiffs have offered sufficient evidence to find at this stage that GSSI and REVCO are joint employers under the FLSA, and Plaintiffs are entitled to additional discovery on the existence of a joint relationship between them.[5] "Courts have held that it is appropriate to issue notice to potential class members when there is some evidence that employers are related, delaying the determination whether the employers actually have a joint-employment relationship. In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination." *See*, *Velazquez v. FPS LP*, 2014 WL 3843639, at *5 (S.D.Tex.,2014); *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *3 (N.D.Tex. Oct. 7, 2004) (noting that "if discovery shows that certain plaintiffs are not similarly situated due to differences in employers, the court can decertify the class or can create subclasses").

As to Plaintiffs' allegations that the proposed class of potential plaintiffs should include the GSSI workers, who were neither under contract with nor had any employment relationship with REVCO, Plaintiffs have produced nothing to refute GSSI's employment invoice showing that it paid its own welders and fitters on the BAE Project an hourly rate plus overtime rate. *R. 44-3, GSSI Welder/Fitters Payments, 7/20/15-10/4/15*. Given the "modest" showing that Plaintiffs

---

[5] The Court notes that *Quintanilla v. A&R Demolition, Inc.*, 2005 WL 2095104 (S.D. Tex. 2005), cited by GSSI, is distinguishable from this case. In *Quintanilla*, the court considered plaintiffs' contentions that the employees of the contractor were also the employees of the general contractor under the summary judgment standard.

are required to make at this stage, the Court finds that Plaintiffs have sufficiently pled that GSSI should be included in Plaintiffs' notice as a joint employer with REVCO. Thus, the notice must be limited to, REVCO, the payroll employer, and/or REVCO and GSSI as joint employers.

*2. Certification*

This case is at the "notice stage" of the *Lusardi* analysis. Because the standard at this stage is lenient, Plaintiffs need only demonstrate through some evidence that other aggrieved individuals exist, they are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and those individuals want to opt-in to the lawsuit. *Romero v. J&F Analysts Inc.*, 2016 WL 612594, at *3 (S.D. Tex. Feb. 16, 2016).

As indicated above, Plaintiffs presented evidence in the form of declarations of the lead plaintiff, Moresi, and opt-in plaintiff, Babino, as well as opt-in notices for Henry, Babino, Thomas and Connor, who have joined this lawsuit. Further, Plaintiffs submitted the complete depositions of Moresi, Henry, Babino and Connor. *R. 52-2, 52-3, 52-4, 52-4*. This evidence confirms that Plaintiffs were employed full-time as welders, fitters and welders helpers, worked in excess of 40 hours a week, and were paid a flat rate in violation of the FLSA's overtime requirements.

GSSI contends that, based on the REVCO agreements signed by Plaintiffs there are questions about whether Plaintiffs may ultimately be deemed independent contractors as opposed to non-exempt employees for FLSA purposes. Just as with the joint employer issue, the focus here is the preliminary class-certification inquiry. Whether the Plaintiffs are non-exempt employees under the FLSA as well as other determination of the surrounding questions of liability go to the merits of the case and are best left for later. *See Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 762 (W.D.Tenn.2011) ("The Court is only determining the issue of conditional

class certification and the proper scope of the proposed class and notice and any questions of a particular defendant's liability can be taken up at a later time.").

In light of the foregoing, the Court will order that Plaintiffs' Motion be granted in part to conditionally certify the proposed class as defined in Plaintiffs' Motion and denied in part to limit the employers to REVCO and GSSI, jointly, without any reference to a "third party".

### 3. *Notice and Consent Forms*

Plaintiffs seek judicial approval of their Proposed Notice and Consent forms, which are to be sent to all putative class members. *R. 38-8*.   Plaintiffs also seek an order adopting the following schedule: (1) Defendants produce a database of names, last-known mailing addresses, email addresses, and telephone numbers of potential class members in a usable electronic format within 10 days from approval of the Notice; (2) Defendants mail and email a copy of the approved Notice and Consent Form to potential class members within 20 days from approval of the Notice; (3) potential class members submit consent forms to Plaintiffs' counsel within 60 days after the date on which the notice is mailed; and (4) that Plaintiffs' Counsel may send by mail and e-mail a second identical copy of the Notice/Consent form to the potential class members reminding them of the deadline for submission and is authorized to call them to ensure the forms were received 30 days from the date Notice is mailed. *R. 38-1 at 12.*

In its memorandum, GSSI does not dispute Plaintiffs' proposed Notice, Consent forms or schedule but requests that the Court adopt the Notice *it* has submitted. *R. 44-14*. GSSI's Notice further defines the date of the alleged violations "from February 20, 2015 to December 31, 2015" and the class as those "workers who received hourly pay from REVCO to work at the BAE facility in Mobile, Alabama to build a vessel in 2015." Substantively, GSSI's proposed notice

states that "REVCO owes back overtime" and "Plaintiffs contend by Amended Complaint that GSSI is a joint employer with REVCO and is also responsible to pay overtime, and other amounts claimed. GSSI claims that plaintiffs agreed that any overtime wages due the employees were paid to REVCO due to written payment agreements with the workers. GSSI claims it paid all funds due REVCO and in doing so claims payment as a defense against the claims of the plaintiffs, as GSSI should not have to pay the same funds twice." GSSI further requests that the Court "independently order REVCO to produce to GSSI copies of written contracts between REVCO and each such REVCO employee confirming the agreement that GSSI was to pay REVCO for the services of the plaintiffs."

In an FLSA action, "the notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice should describe the action and the plaintiffs' rights in it." *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 455 (5th Cir. 2016). Section 216(b) imparts the district court with discretionary authority to facilitate notice to potential plaintiffs. *Lima v. International Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 800 (E.D.La.,2007) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Plaintiffs have not addressed GSSI's proposed notice. While the Court finds that GSSI's suggested language regarding its disputes with REVCO and Plaintiffs is not appropriate in the notice, the Court agrees that the approved notice should include the dates during which the alleged violations occurred as well as the location of the Project where the work was performed. When considering the content of the notice, courts often find that these issues are best resolved by mutual agreement of the parties. *See, e.g., Banegas v. Calmar Corp.,* 2015 WL 4730734, at *6

(E.D. La. 2015); *Perkins v. Manson Gulf, L.L.C.*, 2015 WL 771531, at *5 (E.D.La.,2015). Accordingly, the parties are directed to meet, confer and thereafter submit to the Court a joint proposal of notice as directed in this Order, no later than January 20, 2017.

As to Plaintiff's proposed schedule, the Court will deny Plaintiffs' request to contact prospective class members via telephone and grant the remaining proposed schedule.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Conditional Class Certification [Rec. Doc. 38], including Court-approved notice to be issued to potential class participants, is **GRANTED IN PART** and **DENIED IN PART**, certifying the proposed class as defined but limiting the Defendants to Resource Energy Ventures and Construction Company LLC and Gulf South Services, Inc., and approving the proposed notice form, subject to the joint submission filed by the parties.

**IT IS FURTHER ORDERED** that Defendants shall have **TEN (10) days** from the entry of this Court's Order, to provide Plaintiffs with an updated computer readable data file containing information necessary to facilitate notice, including the name, last known mailing address, last known telephone number, and email address of each of the employees jointly employed by Resource Energy Ventures and Construction Company LLC and Gulf South Services, Inc. at the BAE Project.

**IT IS FURTHER ORDERED** that, no later than **January 20, 2017**, the parties shall jointly submit a revised copy of the Proposed Notice for final Court review. The revised Proposed Notice should clarify that the Defendants in this action are Resource Energy Ventures and

Construction Company LLC and/or Resource Energy Ventures and Construction Company LLC and Gulf South Services, Inc., jointly, as well as the dates and location of the BAE Project at issue.

**IT IS FURTHER ORDERED** that, once the revised Proposed Notice is approved, Plaintiffs are authorized to disseminate the approved Notice to prospective class members via first class mail and email.

**IT IS FURTHER ORDERED** that prospective class members may opt in to this collective action if they have mailed, faxed, or emailed their consent form to counsel for the class within sixty (60) days after the Notice.

**IT IS FURTHER ORDERED** that thirty (30) days from the date Notice was originally sent, Plaintiffs are authorized to send by first class mail and email a second identical copy of the notice/consent form to the prospective class members reminding them of the deadline for the submission of the consent form.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 3rd day of January, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE