UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Moresi, et al | Civil Action No. 6:15-cv-2224 |
| Versus | Judge Brian A. Jackson |
| Resource Energy Ventures and Construction Company LLC | Magistrate Judge Carol B. Whitehurst |

**REPORT AND RECOMMENDAITON**

Before the undersigned, on referral from the district judge, is a Motion For Summary Judgment Dismissing Petition of Dylan Moresi filed by Defendant Gulf Coast Services, Inc. ("GSSI") [Rec. Doc. 48] and an Opposition filed by Plaintiff Dylan John Moresi ("Moresi") and Opt-In Complainants, Wilfred Henry, Jr. ("Henry"), Colby Babino ("Babino"), Nathaniel Thomas ("Thomas") and Desmond J. Connor, Sr. ("Connor") ("Plaintiffs") [Rec. Doc. 53]. For the following reasons, the undersigned will recommend that GSSI's Motion be DENIED.

*I. Background*

The record provides that GSSI agreed with BAE Systems Inc. to build portions of one or more vessels at a BAE facility in Mobile Alabama in 2015, pursuant to BAE's plans and specifications. *R. 44-2, Dec. Of Dupuy, GSSI employee in Operations, ¶ 2*. On occasion, customers of GSSI, such as BAE in this case, request more welders and fitters than are on GSSI's payroll. GSSI entered into a

Master Services Agreement ("MSA") with Resource Energy Ventures and Construction Company LLC ("REVCO") on February 20, 2015 to provide labor services to GSSI pursuant to the MSA in connection with the work for BAE. *Id., R. 44-2, Dupuy Affidavit*. The MSA required that REVCO comply with all federal law, and promptly pay its workers for the labor supplied. *R. 44-2*. The MSA required REVCO to pay 100% of amounts due directly to REVCO employees. It authorized REVCO to provide subcontractor labor if it choose to do so. It required REVCO to carry Workers' Compensation coverage, Longshore and Harbor workers compensation coverage, and employer's liability coverage for the workers it provided regardless of their classification. *See R. 42, Dupuy Affidavit, R. 44, pp. 2, 8-9*. The record indicates that the workers signed written agreements with REVCO which provided that any payment for their services was to be paid directly from GSSI to REVCO and not to the employees themselves, and that they were hired as "independent contractors." *R. 44-5, 44-6, 44.7, 44-8*. GSSI contends, without support, that it did not seek to classify REVCO-supplied workers as independent contractors or employees. *R. 48-1*.

On August 21, 2015, Moresi filed this action against REVCO on behalf of himself and all others similarly situated. Moresi alleged that he and putative plaintiffs were current and former employees, who were misclassified as independent contractors by REVCO, as they should have been classified as non-

exempt employees entitled to overtime pay under the FLSA. *R. 1*. Moresi further alleged he was hired and employed with REVCO beginning on July 19, 2015 as a "welder" and remained in that position until July 31, 2015. *Id.* His job involved working as a welder and welder's helper for an average of sixty (60) hours per week. Moresi alleged he was paid $24.00 per hour by REVCO, without overtime. *Id*. He further alleged other similar workers were paid an hourly rate and no overtime. *Id.* REVCO filed an Answer generally denying Moresi's claims on October 29, 2015. *R. 5.*

On January 14, 2016, Moresi amended the Complaint to add GSSI, alleging that "REVCO was merely a front or sham company" and GSSI was Moresi's "true employer," or alternatively that GSSI was a "joint employer within the meaning of the FLSA." *R. 14, ¶ 12*. The Amended Complaint alleged claims identical to those originally alleged against REVCO. In support of his allegation that REVCO and GSSI were joint employers, Moresi alleged that he and potential plaintiffs: (1) did not supply their own equipment; (2) were supervised and controlled by their employer; (3) worked exclusively for REVCO and GSSI; (4) looked exclusively to REVCO and GSSI for their income and current and future employment; (5) were not required to and did not provide any materials, equipment or property in connection with the rendering of their services; (6) were supervised and controlled and "highly scrutinized" by REVCO and GSSI and its customers as to the work they performed

as well as the "means, methods, techniques and standards" used; (7) relied on REVCO and GSSI and their customers to provide them with work, equipment, supplies, direction and supervision to do their work on a full-time basis in exchange for hourly compensation; (8) were not required to provide Employer Identification Numbers; (9) did not enter into independent contractor agreements with REVCO and GSSI; (10) work was integral to the business operations of REVCO and GSSI; and, (11) were relied on by REVCO and GSSI as its sole source of labor in order to engage its business operations and render services to its customers. *R. 1*. REVCO filed an answer to the Amended Complaint and GSSI filed an Answer and Cross Claim against REVCO. *R. 16, 24*. Henry, Babino, Thomas and Connor filed Notices of Consent to join Moresi in this lawsuit. *R. 22, 23, 26, 31*.

## *II. Ruling on Conditional Class Certification*

Plaintiffs filed a Motion For Conditional Class Certification pursuant to 29 U.S.C. § 216(b) against REVCO and GSSI seeking to certify a collective action on behalf of those similarly situated employees who were not paid overtime for hours worked in excess of forty (40) hours in a work week. *R. 38*. While REVCO filed no opposition, GSSI opposed the motion arguing that Plaintiffs' claims against it were based upon the unsupported claim that GSSI classifies employees of its subcontractor, in this case REVCO, as independent contractors and pays its own employees the same rate as REVCO—which it denied. GSSI stated that it paid its

own employees ("GSSI employees") $24.00 per hour plus time and one-half for every hour they worked over 40 per week. GSSI further stated that it paid to REVCO $40.00 per hour for each hour worked by REVCO's workers—a composite rate more than adequate to cover REVCO workers' wages and overtime. GSSI contended that instead of paying REVCO's workers the overtime amount it received from GSSI, REVCO kept the money.

The Court considered Plaintiffs' motion for conditional certification under the *Lusardi* analysis which included Plaintiffs' declarations and depositions filed into the record. In its opposition, GSSI cited excerpts from the depositions of Moresi, Babino, Henry and Connor arguing that their declarations contained "false information" related to wages and overtime paid as well as Plaintiffs' agreements to be designated as independent contracts.

In its ruling the Court evaluated the evidence in the record, focusing on the complete depositions of Moresi, Babino, Henry and Connor. *R. 54; R. 52-5, 52-4, 52-2, 52-3*. The Court noted in its conditional certification ruling that the Plaintiffs' depositions established that: "they were provided an ID card with their picture and GSSI's name on it; they were trained at GSSI's facility; GSSI supplied their OSHA orientation; GSSI supplied their tools for welding; their only supervisors at the Project were GSSI employees; GSSI kept records of the hours they worked; GSSI monitored their time sheets; GSSI's name was on the check; GSSI handled

employment termination (i.e. resignation, firing, laying off); they did not know or understand what an independent contractor was; and, they thought taxes would be withheld from their pay checks. *R. 54, pp. 11-12.* Thus, the Court held there was "sufficient evidence to find at this stage that GSSI and REVCO were joint employers under the FLSA, and Plaintiffs were entitled to additional discovery on the existence of a joint relationship between them."

### *III. Law and Analysis*

#### A. *Motion For Summary Judgment Standard*

Summary Judgment under Federal Rule of Civil Procedure 56 must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & C*o., 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).

"An issue is material if its resolution could affect the outcome of the action." *Daniels v. City of Arlington, Tex*., 246 F.3d 500, 502 (5th Cir. 2001). Thus, "there is

no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Although this Court must resolve factual controversies in favor of the nonmoving party, it must only do so where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013. The Court must not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is also appropriate if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Discussion

On November 9, 2016, before the Court issued its ruling granting conditional certification (summarized above), GSSI filed the instant motion for summary judgment moving to dismiss Moresi's claims against it. *R. 48*. In the motion, GSSI argues that it had nothing to do with the agreement between REVCO and its employees/laborers until after suit was filed. It cites REVCO's written agreement with Moresi who agreed that any payment(s) for his services was to be from GSSI to REVCO and not directly to Moresi. The written contract between Moresi and REVCO states:

7

> I understand that the fee for my services will be billed to REVCO at a rate different from what I have negotiated with REVCO, and that I may not bill the customer (GSSI) to receive monies from the customer.

*R. 44-5, Moresi Contract Agreement.* GSSI contends that because it paid REVCO $40.00 per hour for every hour worked by Moresi, GSSI should be dismissed from this action. GSSI cites the affidavit of Troy Dupuy, filed in its opposition to the conditional certification, who stated that "GSSI paid REVCO a composite rate of $40 per hour for welder/fitters such as Moresi…." *R. 44-2*. GSSI further argues that even assuming for purposes of this motion that GSSI is a joint employer, the Court should grant its motion as to Moresi based upon its payment to REVCO as a defense, as a matter of law.

*1. Employer/Employee Relationship*

"For purposes of FLSA, determination of employee status focuses on economic reality and economic dependence." *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990). The FLSA circularly defines an "employee" as "an individual employed by an employer" and an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d), (e). The term "employ" simply means "suffer or permit to work." 29 U.S.C. § 203(g). Because courts have found these definitions vague, the "economic reality test" has arisen to determine FLSA coverage.

8

In the Fifth Circuit, courts apply the "economic reality" test to determine whether an employer/employee relationship exists for the purposes of FLSA. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). To determine whether an entity is considered an "employer" under FLSA, courts must consider whether the alleged employer: "(1) possessed the power to hire and fire the employees;" (2) "supervised and controlled employee work schedules or conditions of employment;" (3) "determined the rate and method of payment;" and (4) "maintained employment records." *Gray*, 673 F.3d at 355 (quoting *Williams*, 595 F.3d at 620). The Fifth Circuit has held that the "touchstone of economic reality in analyzing a possible employee/employer relationship for purposes of FLSA is dependency." *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1189 (5th Cir. 1979). When more than one potential employer is at issue, the economic reality test is applied to each potential employer individually to determine if that individual or entity satisfies the test. *Id.* No one factor is necessarily determinative, but the absence of all factors is fatal to the inquiry of whether an employment relationship exists. *Gray*, 673 F.3d at 357; *Nieto v. Pizzati Enterprises, Inc.*, 2016 WL 6962513, at *9 (E.D.La., 2016); *see also Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) ("We think, however, that the determination of the relationship does not depend on such isolated factors but rather upon the circumstances of the whole

9

activity."); *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) ("However, a party need not establish each element in every case."); *Gil v. De Laune Drilling Serv., Ltd.*, 2016 WL 5394261, at *2 (S.D. Tex. Sept. 27, 2016) (denying motion for summary judgment on the issue of employer status when at least two factors under the "economic reality" test support a finding that the defendant was a FLSA employer during the relevant time period). Whether a person is an employer under the FLSA is a question of law; however, subsidiary findings, as those at issue here, are a question of fact. *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327 (5th Cir. 1985). Thus while Plaintiffs have the burden of proving the employer falls under the FLSA, the party seeking summary judgment has the burden of showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Plaintiffs oppose GSSI's motion arguing that summary judgment is inappropriate because the evidence, viewed in the light most favorable to Plaintiffs, reveals there are genuine issues of material fact as to whether (1) Moresi was actually an employee rather than an independent contractor and (2) whether GSSI was Moresi's employer/joint employer. In his opposition, Plaintiffs reiterate the same evidence cited by the Court in its ruling on conditional certification and again enters that evidence into the record. *R. 53-5. 53-4, 53-2, 53-3*. Application of those facts provide:

(1) GSSI possessed the power to fire Plaintiffs, as demonstrated by Moresi's testimony that he was terminated by "Bryan," a GSSI employee, *R. 52-5, p. 33-34*, as well as Connor's testimony that he reported his resignation to his GSSI supervisor, *R. 52-3, p. 76*;

(2) GSSI completely supervised and controlled Plaintiffs' work, based on the testimony of Henry, Connor, Babino and Moresi, who each stated that GSSI supervised their work during their entire employment and confirmed that no REVCO supervision existed, *R. 52-2, pp. 78-79; R. 52-3, pp. 52, 66, 75; R. 52-4, pp. 43-44, 64; R. 52-5, pp. 62-63;*

(3) GSSI determined the rate of pay and method of payment, as stated by Dupuy, "GSSI paid REVCO a composite rate of $40.00 per hour for welder/fitters such as Moresi" doing work for GSSI. *R. 44-4.* As well as Moresi's employment agreement with REVCO which GSSI explains was that "Moresi [] agreed that any payment for his services was to be from GSSI to REVCO and not directly to Moresi. Moresi agreed not to bill GSSI." *R. 48-1, p. 2;*

(4) GSSI maintained the employee records—in this case the number of hours worked by Plaintiffs—as evidenced by Connor, *R. 52-3, p. 52*, and Babino's, *R. 52-4, 63-64*, testimony that GSSI tracked and recorded all their work hours.

GSSI has filed no additional evidence in support of its motion. Instead, it relies solely on the contract between Moresi and REVCO which acknowledged that

11

"[Moresi's] services will be billed to REVCO at a rate different from what I have negotiated with REVCO, and that I may not bill the customer (GSSI) to receive monies from the customer," and the affidavit of Dupuy stating that "GSSI has no knowledge of the arrangement between Moresi and REVCO" and "GSSI never paid anything to workers provided by REVCO, nor did GSSI issue any payments for their services except for the payment due REVCO under the MSA." *R. 44-2.*

As GSSI does not argue in its motion for summary judgment that it was not Moresi's "joint employer" the Court need not address Plaintiffs' additional argument that GSSI was the joint employer.[1]

Based on the foregoing, the Court concludes that Plaintiffs have pointed to sufficient evidence under the "economic reality" test to show that there are genuine issues of material fact regarding whether Moresi, as well as all putative Plaintiffs, were employees of GSSI and whether GSSI was Plaintiffs' employer. Accordingly,

**IT IS RECOMMENDED** that GSSI's Motion For Summary Judgment be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

---

[1] The Court notes that in addition to the economic reality test which must be applied to determine whether an entity such as GSSI is an employer, Plaintiffs raised the five factor "joint employer" test under *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668 (5th Cir. 1968) as well under *Mendoza v. Essential Quality Constr, Inc.*, 691 F.Supp.2d 680 (5th Cir. 2010), but did not specifically apply either case's factors.

12

Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana is 10th day of September, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE