# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Moresi, et al                                   Civil Action No. 6:15-cv-2224

Versus                                          Judge Brian A. Jackson

Resource Energy Ventures                        Magistrate Judge Carol B. Whitehurst
and Construction Company LLC

# REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is Defendant Gulf Coast Services, Inc.'s ("GSSI") Unopposed[1] Motion For Partial Summary Judgment For Defense and Indemnity [Rec. Doc. 61]. For the following reasons, the undersigned will recommend that GSSI's Motion be DENIED.

This action arises from a case brought by Dylan John Moresi and others similarly situated ("Plaintiffs") against Resource Energy Ventures and Construction Company LLC ("REVCO") and GSSI for failure to pay overtime wages pursuant to the Fair Labor and Standards Act ("FLSA"). On August 21, 2015, Moresi filed this action against REVCO on behalf of himself and all others similarly situated. Moresi alleged that he and the putative plaintiffs were current and former employees, who were misclassified as independent contractors by REVCO as they should have been classified as non-exempt employees entitled to overtime pay under the FLSA. *R. 1*.

---

[1] Pursuant to Local Rule L.R. 7.5, the deadline to file any response to the instant motion was February 21, 2018.

On January 14, 2016, Moresi amended the Complaint to add GSSI, alleging that "REVCO was merely a front or sham company" and GSSI was Moresi's "true employer," or alternatively that GSSI was a "joint employer within the meaning of the FLSA." *R. 14, ¶ 12*. Plaintiffs filed a Motion For Conditional Class Certification pursuant to 29 U.S.C. § 216(b) against REVCO and GSSI seeking to certify a collective action on behalf of those similarly situated employees who were not paid overtime for hours worked in excess of forty (40) hours in a work week. *R. 38.* In its ruling, the Court held there was "sufficient evidence to find at this stage that GSSI and REVCO were joint employers under the FLSA, and Plaintiffs were entitled to additional discovery on the existence of a joint relationship between them."

GSSI entered into a Master Services Agreement ("MSA") with REVCO on February 20, 2015, to provide labor services to GSSI pursuant to the MSA in connection with GSSI's work building vessels for BAE in Mobile Alabama in 2015. *Id., R. 44-2, Dupuy Affidavit*. The MSA required that REVCO comply with all federal law, and promptly pay its workers for the labor supplied. *R. 44-2*. The MSA required REVCO to pay 100% of amounts due directly to REVCO employees. It authorized REVCO to provide subcontractor labor if it chose to do so. It required REVCO to carry Workers' Compensation coverage, Longshore and Harbor workers compensation coverage, and employer's liability coverage for the workers it provided regardless of their classification. *See R. 42, Dupuy Affidavit, R. 44, pp. 2,*

2

*8-9.* The record indicates that the workers signed written agreements with REVCO which provided that any payment for their services was to be paid directly from GSSI to REVCO and not to the employees themselves, and that they were hired as "independent contractors." *Id.; R. 44-5, 44-6, 44.7, 44-8.*

The MSA provides, in pertinent part, as follows:

2.    INDEPENDENT CONTRACTOR

* * *

As an independent contractor, Contractor [REVCO] warrants that it has competent, properly trained personnel capable of safety and properly performing all work and services performed hereunder and that **Contractor** and its employees **will comply with all laws, rules, and regulations, whether federal, state or municipal, which now or in the future may be applicable to all service or work performed hereunder** or applicable to Contractor's business, equipment or employees engaged in or in any manner connected with its performance hereunder, and **Contractor agrees to release, defend, indemnify and hold harmless Gulf South Group (as defined in Section 3) from and against any and all liability, claims, demands, liens, damages, expenses (including attorney's fees), fines, penalties, and suits directly or indirectly arising out of or resulting from any breach of such warranty.**
(Emphasis added.)

* * *

6.    LIENS

Contractor shall pay promptly any and all amounts owing by it for work performed services rendered or materials furnished in c**onnection with jobs performed under this contract so that no lien shall ever attach or be permitted to attach to property of Gulf South Group, whether real or personal, and Contractor hereby**

3

> **agrees to defend and indemnify Gulf South Group from and against any and all such claims and liens and any related expenses (including attorney's fees).** (Emphasis added.)

GSSI asserts that Plaintiffs have brought claims against GSSI for its failure to pay and/or comply with employment law. Because the MSA between GSSI and REVCO specifically provides that REVCO will owe GSSI defense and indemnity in such a situation, GSSI seeks an order providing that REVCO owes GSSI defense and indemnity for Plaintiffs' claims in this matter, including reimbursement of all defense costs and attorneys' fees accumulated by GSSI in defending this matter to date.

Louisiana law, which governs the interpretation of the contract between REVCO and GSSI, permits indemnification obligations, so long as the contractual language of the indemnity provision is unambiguous and the intent of the parties is clear from consideration of the whole contract. *Cox Communications v. Tommy Bowman Roofing, LLC*, 929 So.2d 161, 165 (La.App.4 Cir., 2006). Under Louisiana law, the duty to defend is not necessarily broader than the duty to indemnify, especially in non-insurance contracts. *Williamson v. Tugs*, 2016 WL 552597, at *1 (W.D.La., 2016) (citing *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, 841 F.Supp.2d 988, 1009 (E.D. La. 2012)). "An indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy. A cause of action under a liability insurance policy

4

accrues when the liability attaches." *Meloy v. Conoco, Inc*., 504 So.2d 833, 839 (La.,1987). "Therefore, a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." *Id.*

In this case, the duty to defend is set out in the same sentence as the duty to indemnify. This reflects that the duties to defend and indemnify are to be treated identically. *In re Oil Spill*, 841 F.Supp.2d at 1009. There is no indication in the MSA that the parties intended the duty to defend to be so broad as to be determined solely from the allegations in the Complaint. Thus, because these duties are co-extensive, and there has been no finding that REVCO violated the FLSA or that GSSI is owed indemnity, the scope of the duty to defend also cannot be determined at this time.

REVCO's obligation for cost of defense cannot be determined until there has been a judicial finding that REVCO violated the FLSA or that the charges against it are baseless. Accordingly,

**IT IS RECOMMENDED** that GSSI's unopposed Motion For Partial Summary Judgment For Defense and Indemnity [Rec. Doc. 61] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana is 10th day of September, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE