UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

DYLAN JOHN MORESI, ET AL            CIVIL ACTION

VERSUS

RESOURCE ENERGY VENTURES
AND CONSTRUCTION COMPANY LLC     NO.: 15-02224-BAJ-EWD

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 65)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Defendant Gulf Coast Services, Inc.' ("GSSI") Motion for Summary Judgment Dismissing Plaintiff's Petition (Doc. 48.) and Opposition filed by Plaintiff and Opt-in Complainants, Wilfred Henry Jr. ("Henry"), Colby Babino ("Babino"), Nathaniel Thomas ("Thomas") and Desmond J. Connor, Sr. ("Connor") (Doc. 53). The Magistrate Judge recommended that GSSI's Motion be denied. (Doc. 65 at p. 1).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (*Id.* at p. 1). Defendant timely filed an opposition to the Report and Recommendation. (Doc. 67). Plaintiff failed to respond.

GSSI argues that the Report and Recommendation comes to a determination that there is a genuine issue of material fact concerning employer/joint employer status without reaching the question of the validity of the payment agreement between Plaintiff and REVCO. (Id. at p. 1). GSSI argues that such payment agreement created an enforceable stipulation *pour autrui* in favor of GSSI. GSSI argues that assuming GSSI is a joint employer or employer, the evidence is uncontroverted that the amounts due to Plaintiffs would be paid to them exclusively by REVCO pursuant to the Fair Labor Standards Act. (Id.) GSSI argues that the agreement between Plaintiffs and REVCO created a valid and binding agreement under which GSSI was a third-party beneficiary. (Id.) GSSI contends that even if it is taken as true that GSSI is an employer or a joint employer, and considering the payment by GSSI to REVCO of amounts in excess of wages and overtime, the Court's decision should turn on the question of the validity of the written contract between Plaintiffs and REVCO, which is a purely legal question. (Id. at p. 2). Further, GSSI quotes Plaintiffs' contract with REVCO, which provides in relevant part:

> "I understand the fee for my services will be billed to REVCO at a rate different from what I have negotiated with REVCO, and that I may not bill the Customer (GSSI) to receive monies from the customer." (Id.)

## ANALYSIS

Concerning third party beneficiaries, La. C.C. Art. 1978 provides:

> A contracting party may stipulate a benefit for a third person called a third party beneficiary.
> Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.

2

The most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third-party beneficiary cannot meet his burden of proof. *Paul v. Louisiana State Employees' Group Benefit Program*, 99-0897, p. 5 (La.App. 1 Cir. 5/12/00), 762 So.2d 136, 140; *see also, Doucet v. National Maintenance Corporation*, 01-1100, pp. 6-7 (La.App. 1 Cir. 6/21/02), 822 So.2d 60, 66. A stipulation *pour autrui* is never presumed. The party claiming the benefit bears the burden of proof. *See* LSA-C.C. art. 1831;7 see also Paul, 99-0897 at 5, 762 So.2d at 140. The Supreme Court of Louisiana provides a three-part test to determine whether a stipulation *pour autrui* has been created to the benefit of a third-party:

> 1) the stipulation for a third party is manifestly clear;
> 2) there is certainty as to the benefit provided the third party; and
> 3) the benefit is not a mere incident of the contract between the promisor and the promisee.

*Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1212. Concerning the third criteria, in *City of Shreveport v. Gulf Oil Corporation*, 431, F. Supp. 1 (W.D. La 1975), aff'd 551 F.2d 93 (5th Cir. 1977), the City of Shreveport brought an action against Gulf Oil Corporation wherein the City alleged that Gulf Oil Company's failure to provide over 670,000 gallons of gasoline to the city pursuant to a contract between Gulf Oil company and the State of Louisiana damaged the City of Shreveport due to the City's status as the third party beneficiary of the contract. The touchstone for the Court was whether there was a cognizable legal obligation between Gulf Oil Corporation and the City of Shreveport which was alleviated by the contract between Gulf Oil Corporation and the State of Louisiana,

3

and whether the advantage that would accrue to the city would also beneficially affect the state. The court found that while it was true that the contract between Gulf Oil Corporation and the State of Louisiana provided some benefit to the City, the contract itself was not made to obtain discharge of any legal obligation owed by the state to Shreveport, and denied the city's arguments on that ground.

In the instant matter, GSSI had no cognizable legal obligation to Plaintiff which was extinguished by the contract between Plaintiff and REVCO. GSSI did not have enough workers to complete its project with BAE Systems, therefore, GSSI contracted with REVCO, a provider of workers, to complete the project. The Master Services Agreement executed between REVCO and GSSI obligates REVCO to pay 100% of the amounts due directly to REVCO employees, and that GSSI would pay REVCO. Although it is true that the contract between Plaintiff and REVCO ostensibly sets forth that Plaintiff may not bill GSSI for wages, GSSI had no preexisting obligation to pay Plaintiff for work done under the contract with BAE Systems in accordance with the MSA executed between REVCO and GSSI. Both the MSA and Plaintiff's contract with REVCO make it clear that GSSI was never obligated or expected to pay Plaintiff directly. Therefore, the court finds that the purpose of Plaintiff's contract with REVCO was not to relieve GSSI of a pre-existing duty or obligation that GSSI may have owed to Plaintiff at some time, and that while GSSI may in some way have benefitted from the contract between Plaintiff and REVCO, the benefit is a mere incident of the contract between Plaintiff and REVCO.

Having found that there is no stipulation *pour autrui* establishing GSSI as a third-party beneficiary, the court finds that the terms of the agreement between REVCO and Plaintiff are not dispositive on the issue of whether GSSI was an employer or joint employer of Plaintiff.

As a threshold matter, GSSI mischaracterizes the terms of the agreement between Plaintiff and REVCO. GSSI contends that the agreement between Plaintiff and REVCO contained a covenant not to sue GSSI for monies due and owing. The agreement states, in relevant part: "I understand . . . that I may not **bill** the Customer (GSSI) to receive monies from the customer." (emphasis added). The agreement does not address Plaintiff's ability to sue GSSI to recover any monies allegedly owed, simply that Plaintiff may not directly bill GSSI for such monies.

Contrary to GSSI's arguments the issue of which party is obligated to pay an employee is not the sole determinative factor in assigning employer status and liability for allegedly misappropriated wages. Assuming *arguendo*, that GSSI is correct in asserting that the contract between Plaintiff and REVCO establishes that GSSI is not obligated to pay Plaintiff and that Plaintiff may not bill GSSI for his wages, there are still multiple factors of the "economic reality"[1] test by which GSSI may be considered Plaintiff's "employer", and thereby potentially liable for some or all of Plaintiff's losses. In fact, as the Magistrate Judge discussed concerning the "economic reality test," "[n]o one factor is necessarily determinative, but the absence

---

[1] The "economic reality test" is a test used to determine whether an employee/employer relationship exists under the FLSA. It arose to further clarify the vague definition of "employee" in the FLSA, which somewhat confusingly provides that an "employee" is "an individual employed by an employer." *See* 29 U.S.C. § 203(d), (e).

5

of all factors is fatal to the inquiry of whether an employment relationship exists. *Nieto v. Pizzati Enterprises, Inc.*, 2016 WL 6962513, at *9 (E.D.La., 2016); *see also Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) ("We think, however, that the determination of the relationship does not depend on such isolated factors but rather upon the circumstances of the whole activity."); *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) ("However, a party need not establish each element in every case."); *Gil v. De Laune Drilling Serv., Ltd.*, 2016 WL 5394261, at *2 (S.D. Tex. Sept. 27, 2016) (denying motion for summary judgment on the issue of employer status when at least two factors under the "economic reality" test support a finding that the defendant was a FLSA employer during the relevant time period).

Therefore, even if it is true that GSSI was never obligated to pay Plaintiff the rate negotiated with REVCO, this does not mean that GSSI never met any of the other requirements under the "economic realty test" to be considered Plaintiff's "employer" or that GSSI's other actions as Plaintiff's "employer" didn't give rise to claims against it for restitution. As there are issues of material facts concerning whether GSSI: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan,* 595 F.3d 610, 620 (5th Cir. 2010), the Magistrate judge was correct to deny GSSI's Motion.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and

Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 65)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that GSSI's **Motion for Summary Judgment Dismissing Plaintiff's Petition (Doc. 48.)** and Opposition filed by Plaintiff and Opt-in Complaintants (Doc. 53) is **DENIED**.

Baton Rouge, Louisiana, this 26th day of September, 2018.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA