UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **Moresi** | **Case No. 15-cv-02224** |
| **Versus** | **Judge Michael J Juneau** |
| **Resource Energy Ventures And Construction Co LLC** | **Magistrate Judge Carol B Whitehurst** |

### ORDER ON MOTION TO DECERTIFY CONDITIONAL CERTIFICATION

Before the Court is a Motion To Decertify Conditional Class Certification, filed by Defendant Gulf Coast Services, Inc. ("GSSI") [Rec. Doc. 78] and Plaintiffs' Opposition thereto [Rec. Doc. 92]. For the following reasons, GSSI's Motion To Decertify will be denied.

### BACKGROUND

The Court has summarized the factual background of this matter in a previous Order, *R. 54*, and a Report and Recommendation, *R. 66*, and will not repeat the full summary herein. On January 3, 2017, the Court granted Plaintiffs' motion to conditionally certify their claims of misclassification under § 216(b) of the Fair Labor Standards Act ("FLSA") against Resource Energy Ventures and Construction Company LLC ("REVCO") and Gulf South Services Inc. ("GSSI"). The Court conditionally certified the class and directed that notice be sent to "welders, fitters

and welder helpers" who "worked for REVCO or were contracted to GSSI" "at the BAE facility in Mobile, Alabama to build a vessel" "from July 20, 2015 to December 31, 2015." *R. 55-1*. The parties agree that eight individuals have opted-in as members of the class. Defendants now move to decertify the conditionally certified class.

## LAW AND ANALYSIS

### I. **Standards on Decertification**

The FLSA provides that an action to recover "unpaid overtime compensation...may be maintained against any employer... by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, the FLSA does not define "similarly situated" or otherwise explain how the certification of such collective actions should proceed. Likewise, the U.S. Court of Appeals for the Fifth Circuit has not established a standard procedure for district courts to follow. *E.g., Roussell v. Brinker Int'l, Inc.*, 441 Fed.Appx. 222, 226 (5th Cir. 2011) ("Like several other circuits, this court has never set a legal standard for collective-action certification.").

Thus, with respect to the applicable procedure, for reasons set forth in the order conditionally certifying this matter as a collective action, the Court will continue to apply the "two-stage class certification," which was developed in a line of cases starting with *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Defendant's motion implicates the second stage of the *Lusardi* procedure, which "is

typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." *Mooney v. Aramco Servs.*, 54 F.3d 1207, 1214 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

The Fifth Circuit has observed that "the *Lusardi*...line of cases, by its nature,...lends itself to *ad hoc* analysis on a case-by-case basis." *Id.* at 1213. "At this second stage, the burden is on [plaintiffs] to prove that the individual class members are similarly situated." *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008). Furthermore, the second stage is "more stringent" with respect to the showing required of plaintiffs. *Chapman v. LHC Grp., Inc.*, 126 F. Supp. 3d 711, 721 (E.D. La. 2015); *accord Maynor v. Dow Chem. Co.*, 671 F. Supp. 2d 902, 931 (S.D. Tex. 2009) ("[T]he 'similarly situated' inquiry is more searching than it was at the conditional certification stage.").

With respect to the substantive standard, as noted above, the "FLSA does not define what it means for employees to be 'similarly situated' such that collective adjudication" of overtime claims is appropriate. *See Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 573 (E.D. La. 2008). The *Lusardi* test for whether employees are similarly situated such that a matter can be collectively adjudicated considers: "(1) the extent to which the employment settings of employees are similar or disparate; (2) the extent to which any defenses that an employer might have to

overtime...claims are common or individuated; and (3) general fairness and procedural considerations." *See id*. "These three factors are not mutually exclusive, and there is considerable overlap among them." *Id.* at 574. "[T]he more dissimilar plaintiffs are and the more individuated [defendants'] defenses are, the greater doubts there are about the fairness of a ruling on the merits—for either side—that is reached on the basis of purportedly representative evidence." *Id*. Generally, "FLSA class determination is appropriate when there is 'a demonstrated similarity among the individual situations...[and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].' " *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008).

Despite the aforesaid jurisprudence, GSSI contends that "[a]t this [motion for decertification] stage, the court makes a factual determination on numerosity, commonality, and typicality under Rule 23." *R. 78-1, p. 3.* A few trial courts have employed the evidentiary requirement of *Shushan v. University of Colorado*, 132 R.F.D. 263 (D. Colo. 1990), in which the issue of whether the plaintiffs are "similarly situated" is determined by courts looking at factors similar to those considered in a Federal Rule of Civil Procedure 23(c) case. The vast majority of courts, however, have concluded that Congress did not intend the FLSA to incorporate all the requirements of Rule 23. Defendant provides no support for its

contention that a *Shushan* Rule 23 analysis should apply in this motion for decertification nor is the Court aware of any such jurisprudence. GSSI is incorrect that the Rule 23 class-action type analysis applies in the decertification step of a *Lusardi* procedure, which the Court has followed in this case. Both the United States Supreme Court and the Fifth Circuit have made statements implying that a Rule 23—type analysis is incompatible with FLSA collective actions. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA"); *Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures"); *Smith v. Service Master Holding Corp.*, 2011 WL 4591088 (M.D. La. Sept. 30, 2011) (noting the important difference between opt-in and opt-out class actions) (*citing Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008) (same)). *See also LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (stating that Rule 23 and FLSA "class actions are mutually exclusive and irreconcilable").

The Court rejects GSSI's position that the Court should apply the factors under Rule 23 in this FLSA decertification analysis. Accordingly, the Court's analysis under the second stage of *Lusardi* follows.

## II. Discussion

### 1. *Factual and Employment Settings of the Individual Plaintiffs*

The first factor of the similarly situated analysis "assesses the opt-in plaintiffs' job duties, geographic location, supervision, and salary." *Reyes v. Texas Epawn, L.P.*, 2007 WL 101808, at *2 (S.D. Texas, 2007). Defendant asserts that eight (8) opt-in claimants constitute the group of workers which are before the Court for determination of whether or not they are similarly situated for purposes of this Motion: Colby Babino, Desomond Conner, Wilfred Henry, Dylan Moresi, Nathaniel Thomas, Kam Kayonspeth, Troy Matthews, and Dale Nesom.[1] *R. 79-1, p. 2.* The parties agree that the eight claimants are similar insofar as they all: (1) recognized REVCO as their payroll employer; (2) worked at the BAE facility in Alabama; (3) were labor supplied by REVCO to GSSI under a subcontract; (4) were supervised by GSSI during the job to make sure the job met BAE requirements; and (5) were joint employees of GSSI and REVCO for the purpose of the FLSA. *R. 79-1, p. 4; R. 92, p. 6.* Plaintiffs further assert that they are similarly situated because "[t]hey were all mis-classified as independent contractors, worked similar jobs with similar job duties, and were paid on the same straight-time-for-overtime basis."

In analyzing employees' job duties, courts look not only to the employer's classification of the employees, but also to the level of similarity in actual job

---

[1] Plaintiffs do not dispute this list and refer to "all eight overtime Plaintiffs." *R/ 92, p. 6.*

performance. *Lipnicki v. Meritage Homes Corp* 2014 WL 5620603, at *3 (S.D. Tex. Nov. 4, 2014). Plaintiffs contend that all plaintiffs worked as welders on the BAE job in Alabama and shared similar job duties. They further contend that Defendant uniformly mis-classified the employees as independent contractors—exempt from the requirements of the FLSA. Defendant does not dispute these contentions.

Defendant concedes that the eight claimants are similar insofar as they all "(1) recognized REVCO as their payroll employer; (2) worked at the BAE facility in Alabama; (3) were labor supplied by REVCO to GSSI under a subcontract; (4) were supervised by GSSI during the job to make sure the job met BAE requirements; (5) signed contracts saying GSSI would pay REVCO and they would not bill/collect from GSSI; and (6) GSSI has stipulated that it is deemed to be a joint employer of the 8 REVCO employees (plaintiffs) for the purpose of the FSLA but claims payment as a defense." Hence, it is undisputed that the claimants shared factual and employment settings beyond simply sharing the same job title. They performed similar work, in the same location under similar conditions including receiving no overtime pay.

2. *Defendants' Defenses*

While Defendant concedes that the eight claimants each worked over 40 hours per week, it argues that their overtime hours varied greatly—from 10.00 hours to 257.00 hours over 40 hours per week. Defendant also asserts arguments raised in

7

past motions, in particular that the workers agreed in writing that they "would not bill or pursue GSSI to collect amounts due and instead they would receive payment from REVCO." As "one worker swore he did not sign the agreement" Defendant contends that all claimants are not similarly situated.

Defendant also argues that the group of eight claimants is too small to warrant collective action, and therefore the decertification motion should be granted. While the potential class here would be small, "unlike class actions under Rule 23 of the FRCP, numerosity is not a requirement for collective action under § 216(b)." *Owen v. Golf & Tennis Pro Shop, Inc*., 2010 WL 3859640, at *3 (E.D.Tex.,2010) *See also Cantu v. Vitol*, 2009 WL 5195918, at *4–5 (S.D.Tex. Dec.21, 2009) (certifying collective action for a potential class of at most ten people); *Watson v. Travis Software Corp*., 2008 WL5068806, at *7–8 (S.D.Tex. Nov. 21, 2008). That the class in this case would be no greater than eight people does not weigh against certification.

3. *Fairness and Procedural Considerations*

The third factor to weigh requires an examination of fairness and procedural considerations. *Falcon*, 580 F.Supp.2d at 534. Under this factor, the Court considers "the primary objectives of the FLSA § 216(b) collective action: (1) to lower costs to the plaintiffs through the pooling of resources, and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arise from

the same alleged activity. *Reyes,* 2007 WL 101808, at *6 (*citing Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ). "However, 'the Court must also determine whether it can coherently manage the class in a manner that will not prejudice any party.'" *Mahoney v. Farmers Ins. Exch.*, 2011 WL 4458513, at *10 (S.D. Tex. Sept. 23, 2011).

As to the issue of whether a collective action will lower costs to Plaintiffs due to the pooling of resources, Defendant suggests that eight claimants is too little for a collective action. It argues that with so few plaintiffs the Court should dismiss the collective action without prejudice and allow the eight individual plaintiffs to refile their own lawsuit. The Court fails to understand how Defendant's argument would lower the Plaintiffs' costs or simplify the proceedings. This case was filed almost four years ago, discovery is virtually complete on the eight remaining plaintiffs and to decertify the class at this time would require refiling, joinder or consolidation, and additional pleadings. Contrary to the reasoning under § 216 of the FLSA, decertifying this case would instead potentially require the parties and the Court to have multiple trials dealing with the same issues. "Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir.2003).

Based on the foregoing, the Court finds that Plaintiffs share similar factual and employment settings and are similarly situated, Defendant's defenses are more collective than individual, and that fairness and procedural considerations favor collective treatment of the case.

Accordingly,

**IT IS ORDERED** that the Motion To Decertify Conditional Class Certification, filed by Defendant Gulf Coast Services, Inc. ("GSSI") [Rec. Doc. 78], is **DENIED.**

**THUS DONE AND ORDERED** this 18th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE